# CT Corporation

**Service of Process Transmittal**
10/11/2021
CT Log Number 540393485

**TO:**     Lanetta Scott
Crop Production Services, Inc.
3005 Rocky Mountain Ave
Loveland, CO 80538-9001

**RE:**     **Process Served in California**

**FOR:**    Nutrien Ag Solutions, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | M.C. WATTE RANCHES, a California Partnership vs. Nutrien Ag Solutions |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 288780 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/11/2021 at 01:55 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780107335629 |
| | Image SOP |
| | Email Notification,  Jeffrey Conrad  Jeffrey.conrad@nutrien.com |
| | Email Notification,  Billy Pirkle  billy.pirkle@cpsagu.com |
| | Email Notification,  Kara Fenton  kara.fenton@nutrien.com |
| | Email Notification,  Lanetta Scott  lanetta.scott@cpsagu.com |
| | Email Notification,  Sherri Kuhlmann  sherri.kuhlmann@nutrien.com |
| | Email Notification,  Jennifer MacAulay Bryant  jennifer.macaulaybryant@agrium.com |
| | Email Notification,  Rhonda Kambeitz  rhonda.kambeitz@nutrien.com |
| | Email Notification,  Amanda Vandagriff  amanda.vandagriff@nutrien.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

CT Corporation

**Service of Process Transmittal**
10/11/2021
CT Log Number 540393485

**TO:**     Lanetta Scott
Crop Production Services, Inc.
3005 Rocky Mountain Ave
Loveland, CO 80538-9001

**RE:**     **Process Served in California**

**FOR:**    Nutrien Ag Solutions, Inc.  (Domestic State: DE)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                           Mon, Oct 11, 2021

**Server Name:**                    Douglas Forrest


Entity Served                       NUTRIEN AG SOLUTIONS, INC.

Case Number                         28878 0

Jurisdiction                        CA



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

|  | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
NUTRIEN AG SOLUTIONS, a Delaware corporation; and DOES 1 through 25, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
M.C. WATTE RANCHES, a California Partnership

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>(El nombre y dirección de la corte es): Tulare Superior Court<br>221 S. Mooney Blvd.,<br>Visalia, CA 93291 | CASE NUMBER: (Número del Caso):<br>**# 288780** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

| DATE:<br>(Fecha)  SEP 2 3 2021 | Stephanie Cameron | Clerk, by Leticia Hernandez-Sandoval<br>(Secretario) | , Deputy<br>(Adjunto) |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL]<br><br>**COURT SEAL** | **NOTICE TO THE PERSON SERVED: You are served**<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of (specify):<br>3. ☒ on behalf of (specify): Nutrien AG Solutions<br>a Delaware Corporation<br>under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)<br>☐ other (specify):<br>4. ☒ by personal delivery on (date): |
|---|---|

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov

BY FAX

Assigned to Judicial Officer **NATHAN D IDE**

For All Purposes

1   Whitney, Thompson & Jeffcoach LLP
    Timothy L. Thompson, #133537
2    *tthompson@wtjlaw.com*
    Nikole E. Cunningham, #277976
3    *ncunningham@wtjlaw.com*
    Jacob S. Sarabian, #322108
4    *jsarabian@wtjlaw.com*
    970 W. Alluvial Ave.
5   Fresno, California 93711
    Telephone:    (559) 753-2550
6   Facsimile:    (559) 753-2560

7   Attorneys for M.C. WATTE RANCHES

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

SEP 23 2021

STEPHANIE CAMERON, CLERK
BY: Leticia Hernandez-Sandoval

8

9

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                          COUNTY OF TULARE

12

13   M.C. WATTE RANCHES, a California        Case No.  **# 288780**
     Partnership
14                                           **COMPLAINT FOR NEGLIGENCE**
                 Plaintiff,
15
            v.
16                                           CASE MANAGEMENT CONFERENCE
     NUTRIEN AG SOLUTIONS, a Delaware
17   corporation; and DOES 1 through 25,     Hearing Date: 1.26.22
     inclusive,                              Time:         8:30 am
18                                           Department:   2
                 Defendant.
19

20       Plaintiff  M.C. WATTE RANCHES, allege as follows:

21                          **BACKGROUND ALLEGATIONS**

22       1.      This complaint arises out of defendant Nutrien Ag Solution's ("Nutrien") negligent

23   prescription for the application of pesticides on Plaintiff M.C. Watte Ranches' ("Watte") pistachio

24   orchard.  Watte is the owner of approximately 625 acres of pistachio orchards in and around the

25   County of Tulare.  Instrumental in the propagation and successful harvest of a pistachio crop is

26   proper pesticide control and management.  To that end, Watte, through its farm management

27   company, Brian Watte Farms ("BWF") retained Nutrien Ag Solutions ("Nutrien").  Nutrien

28

WHITNEY
THOMPSON &
JEFFCOACH

395.0 05594955.000

COMPLAINT FOR NEGLIGENCE

1   dispatched licensed Pesticide Control Advisor ("PCA") Joe McGee ("McGee"), License No.
2   72701, to advise then prescribe agriculture chemicals for application on Watte's orchard.  McGee
3   had been the Nutrien assigned PCA for Watte for numerous years and was familiar with the
4   method of applications used by BWF to apply pesticides and insecticides  on Watte's pistachio
5   orchards. Specifically, McGee knew that BWF always applied insecticides using a foliar
6   application method.

7   2.   A PCA is statutorily defined as any person who, offers recommendation on any
8   agriculture use or holds themselves as an authority on agriculture use.  See, Food and Agriculture
9   Code §§ 11410, 11411.  A PCA can choose to be certified in a single area of pesticide application
10  or obtain licensure in multiple categories.  Possible categories for certification are: (a) Control of
11  insects, mites, and other invertebrates; (b) Control of plant pathogens; (c) Control of nematodes;
12  (d) Control of vertebrate pests; (e) Control of weeds; (f) Defoliation; (g) Plant growth regulation.
13  Food and Agriculture Code §12022.  McGee is a licensed PCA pursuant to the Food and
14  Agriculture code and certified in every possible category, i.e. subdivisions (a) through (g)
15  referenced above.  Nutrien employees McGee to provide PCA services to its customers, such as
16  Watte.

17  3.   In or around July 2020 Nutrien, through McGee, advised that for the treatment of
18  aphids – an invertebrate insect which can cause substantial damage to pistachio crops – Watte
19  should apply 16 fl. oz. per acre of Wrangler Insecticide, whose active ingredient is Imidacloprid.
20  This recommendation was memorialized in McGee's PCA recommendation report dated July 14,
21  2020, which is attached hereto as **Exhibit A**.

22  4.   BWF dutifully complied with McGee's prescribed instructions and proceeded to
23  apply the 16 fl. oz. per acre of the Wrangler Insecticide using its known foliar application method.
24  In late August through October 2020 Watte, through BWF, harvested the crop and delivered it to
25  Horizon Growers Cooperative ("Horizon"), a pistachio processing and packing company.  Months
26  after receipt, Horizon conducted tests on Watte's crop and determined it contained elevated
27  residue levels of Imidacloprid, the active ingredient in Wrangler Insecticide.  The United States
28  Food and Drug Administration and the European Union's counterpart set maximum residue levels

1  for Imidacloprid at -/<0.05 parts per million ("ppm").  These strict legal limits are known, or

2  should be known, to all PCA's advising on pistachio orchards.  Watte's pistachios exceeded this

3  amount.

4       5.      Watte is informed and believes that Horizon has therefore refused to package and

5  sell the vast majority of Watte's product thereby depriving it of substantial revenues associated

6  with the harvest of approximately 625 acres of pistachio crop.   Watte subsequently learned that

7  McGee's recommendation for 16 fl. oz. per acre of Wrangler Insecticide is well beyond

8  recommended use for the type of application utilized by Watte's farm management company,

9  which is to be limited to no more than 3 oz. per acre per application.  Watte further discovered that

10  even if Wrangler Insecticide is applied within the labeling limits there is a significant risk that

11  applying the chemical to pistachios can cause the crop to exceed the maximum legal amount of

12  residual Imidacloprid.  Nutrien nonetheless recommended an extremely high amount of Wrangler

13  Insecticide on Watte's fields thereby causing an elevated level of Imidacloprid.  This rendered

14  Watte's pistachios unmarketable.  When asked about this recommendation, McGee admitted the

15  mistake he made and said Watte would need to retain an attorney to obtain the compensation it is

16  entitled to.

17                  **PARTIES, JURISDICTION, AND VENUE**

18       6.      Plaintiff M.C. Watte Ranches is a California Partnership with its principal place of

19  business in the County of Tulare, State of California.

20       7.      Defendant Nutrien Ag Solutions is a Delaware Corporation with its principal place

21  of business in, on information and belief, Loveland, Colorado.  Nutrien conducts substantial

22  business in the State of California, including, on information and belief, by maintaining multiple

23  offices in the state, employing numerous individuals, and entering into contracts and transactions

24  set to be performed in the state.

25       8.      The true names and capacities, whether individual, corporate, associate,

26  governmental, or otherwise, of Defendants DOES 1 through 25, inclusive, are unknown to

27  Plaintiff at this time, who therefore sues said Defendants by such fictitious names pursuant to

28  Code of Civil Procedure § 474 and prays leave of Court to amend its Complaint to set forth the

WHITNEY
THOMPSON &
JEFFCOACH

395.0 05594955.000

3

1   true names and capacities of said Defendants when the same have been ascertained.

2        9.    Plaintiff is informed and believes, and on such information and belief alleges, that

3   at all times herein relevant, each of the Defendants was acting as the agent, servant, employee,

4   partner and/or joint venturer of each of the remaining Defendants, and was acting in concert with

5   each of said remaining Defendants in doing the things herein alleged, while at all times acting

6   within the course and scope of such agency, employment, partnership and/or concert of action.

7        10.    Venue is proper in the Superior Court of California, County of Tulare, because the

8   acts giving rise to this complaint occurred in this judicial district.  Venue is therefore proper under

9   California Code of Civil Procedure section 395.  The amount in controversy exceeds the

10   jurisdictional minimum of this Court.

11   **FIRST CAUSE OF ACTION**

12   **(Negligence Against All Defendants and DOES 1 through 25, inclusive)**

13        11.    Plaintiff re-alleges and by this reference incorporates herein each and every

14   allegation contained in Paragraphs 1 through 10 above.

15        12.    Nutrien owed Watte a duty of care to Watte and to act as a reasonable person

16   would.  This includes, prescribing and instructing on pesticide applications within the labeling

17   limits, using the known foliar application method and avoiding providing recommendations that

18   could cause an elevated level of Imidacloprid.  Nutrien breached this duty by, *inter alia*,

19   submitting a report advising Watte, through BWF, to apply 16 fl. oz. per acre of Wrangler

20   Insecticide on its ranch, which is beyond the recommended amount, and independently excessive

21   given that applying Wrangler is likely to cause an elevated level of  Imidacloprid on pistachios.

22   Nutrien failed to appreciate the risks associated with applying Wrangler Insecticide on pistachio

23   orchards and proceeded to recommend an amount that caused a high level of Imidacloprid.

24        13.    As a direct and proximate cause of Nutrien's recommendation, Watte's farm

25   management company, BWR, applied 16 fl. oz. per acre of Wrangler Insecticide to Watte's

26   pistachio orchard using the known foliar application method as instructed by Nutrien.  Applying

27   this quantity of Wrangler Insecticide caused Watte's pistachios to contain residue Imidacloprid

28   levels in excess of .05 ppm thereby rendering Watte's entire pistachio crop unmarketable.  This

WHITNEY
THOMPSON &
JEFFCOACH

395.0 05594955.000

4

1  caused damage to Watte in an amount in excess of $4,500,000.

2      14.    Nutrien's improper recommendation may also cause elevated Imidacloprid for the

3  crop year 2021 and beyond.  The nature and extent of Watte's future damages are currently

4  unknown, but Nutrien is liable to Watte for the residual and ongoing damage caused by Nutrien's

5  negligence.

### PRAYER

7      WHEREFORE, Watte prays for Judgment against Nutrien as follows:

8      1.    For general damages in amount in excess of $4,500,000, subject to proof at trial;

9      2.    For pre-judgment interest at the maximum allowable legal rate;

10     3.    For costs of suit and attorney's fees as allowed by law;

11     4.    For such other and further relief as the Court may deem just and proper.

12

13  Dated:  September 23, 2021            WHITNEY, THOMPSON & JEFFCOACH LLP

14

15                          By:  _____

16                               Timothy L. Thompson
                                 Nikole E. Cunningham
17                               Jacob Sarabian
                          Attorneys for JOANNE WATTE dba M.C. WATTE
18                                       RANCHES

# EXHIBIT "A"

7/14/2020

Agrian : View Report(s)

## Product Use Recommendation

1367 - 6125756 (Rec No. 6125756)

**Nutrien Ag Solutions™**

Nutrien Corcoran
2550 5th Ave.
Corcoran, CA 93212
Phone: 559-992-3127

| Proposed Date / Timing 2020-07-14ASAP | Expire Date 2020-08-13 | PCA & License Joe McGee 72701 |
| Applicator Grower Applied | | Grower & Permit Number M.c. Watte Ranches 5411223 2019 Vineyard Way Tulare, CA 93274 Phone: 559-688-5799 |

| County Tulare | Site Commodity PISTACHIO | Preplant No | Method Ground | Proposed 622.5 Acres | Treated 622.5 Acres | Tank Vol | No. Tanks | Spray Vol 100 Ga |

| Site ID / STR | Location | Planted Area | Proposed Area | Treated Area | Row | Band |
|---|---|---|---|---|---|---|
| 14-2008 15,20S,23E M | NA 216, ER 44 | 116 Acres | 116 Acres | 116 Acres | | |
| 14-A-42 15,20S,23E M | 1/4 NA 216, 1/16 WR 52 | 28 Acres | 28 Acres | 28 Acres | | |
| 14-B-42 15,20S,23E M | 1/4 NA 216, WR 52 | 18 Acres | 18 Acres | 18 Acres | | |
| 14-C-42 15,20S,23E M | NA 216, WR 52 | 6 Acres | 6 Acres | 6 Acres | | |
| 14-E-42 15,20S,23E M | NA 216, 1/4 WR 52 | 14 Acres | 14 Acres | 14 Acres | | |
| 14-SL-36 15,20S,23E M | 6A 224, 1/4 WR 52 | 91 Acres | 91 Acres | 91 Acres | | |
| 14-SL-37 15,20S,23E M | NA 216, 3/8 WR 52 | 57.5 Acres | 57.5 Acres | 57.5 Acres | | |
| 14-SL-39 15,20S,23E M | SA 224, WR 52 | 62 Acres | 62 Acres | 62 Acres | | |
| 14-SL-99 15,20S,23E M | SA 224, 1/4 ER 44 | 76 Acres | 76 Acres | 76 Acres | | |
| 15-2000 10,20S,23E M | NA 224, WR 48 | 38 Acres | 38 Acres | 38 Acres | | |
| 15-SL-75 10,20S,23E M | 1/32 SA 226, WR 52 | 58 Acres | 58 Acres | 58 Acres | | |
| 15-SL-76 10,20S,23E M | NA 224, WR 52 | 58 Acres | 58 Acres | 58 Acres | | |

*** ALWAYS READ AND FOLLOW LABEL DIRECTIONS ***
** In addition, adhere to all State and local regulations governing the use of these products **
I certify that alternative and mitigation measures that would substantially lessen any significant adverse impact on the environment have been considered and, if feasible, adopted.

| Product Name | Signal Word | Labeled Commodity | Pest | Rate | Per Full Tank | Mat. Req. |
|---|---|---|---|---|---|---|
| FMC DuPont Altacor Insect Control (352-730) (35.00% - Chlorantraniliprole) | | Pistachio | Navel Orangeworm | 4.5 Oz / A | | 175.08 Lb |
| Loveland Products, Inc. Wrangler (34704-831) (40.70% - Imidacloprid) | Caution | Pistachio | Aphid | 16 Floz / A | | 77.81 Ga |
| Bayer Luna Sensation (264-1090) (21.40% - Fluopyram) | Caution | Pistachio | Blight, Botryosphaeria Shoot | 7 Floz / A | | 34.04 Ga |
| Loveland Products, Inc. Activator 90 (34704-50034) (10.00% - Constituents Ineffective as Spray A) | Warning | Agricultural Area | Na | 2 Pt / 100ga | | 155.63 Ga |

Pre-Harvest Interval : 14 Days                        Re-Entry Interval : 12 Hours

*1.6 R*

## Product Use Recommendation

1367 - 6125602 (Rec No. 6125602)

| | | Proposed Date / Timing 2020-07-14 ASAP | Expire Date 2020-08-13 | PCA & License Joe McGee  72701 |
|---|---|---|---|---|
| Nutrien Corcoran 2550 6th Ave. Corcoran, CA 93212 Phone: 559-992-3127 | | Applicator Grower Applied | | Grower & Permit Number BRAIN WATTE FARMS 6401118 5421 Ave 200 Tulare, CA 93274 Phone: 559-786-9718 |

| County Tulare | Site Commodity PISTACHIO | Preplant No | Method Ground | Proposed 156.3 Acres | Treated 156.3 Acres | Tank Vol | No. Tanks | Spray Vol 100 Ga |
|---|---|---|---|---|---|---|---|---|

| Site ID / STR | Location | | Planted Area | Proposed Area | Treated Area | Row | Band |
|---|---|---|---|---|---|---|---|
| 09-2002 11,20S,23E M | NA 224, WR 56 | | 95.3 Acres | 95.3 Acres | 95.3 Acres | | |
| 09-2006 11,20S,23E M | SA 228, ER 52 | | 61 Acres | 61 Acres | 61 Acres | | |

\* \* \*  ALWAYS READ AND FOLLOW LABEL DIRECTIONS  \* \* \*

\* \*  In addition, adhere to all State and local regulations governing the use of these products  \* \*
I certify that alternative and mitigation measures that would substantially lessen any significant adverse impact on the environment have been considered and, if feasible, adopted.

| Product Name | Signal Word | Labeled Commodity | Pest | Rate | Per Full Tank | Mat. Req. |
|---|---|---|---|---|---|---|
| FMC DuPont Altacor Insect Control (352-730) (35.00% - Chlorantraniliprole) | | Pistachio | Navel Orangeworm | 4.5 Oz / A | | 43.96 Lb |
| Loveland Products, Inc. Wrangler (34704-931) (40.70% - Imidacloprid) | Caution | Pistachio | Aphid | 16 Floz / A | | 19.54 Ga |
| Bayer Luna Sensation (264-1090) (21.40% - Fluopyram) | Caution | Pistachio | Blight, Botryosphaeria Shoot | 7 Floz / A | | 8.55 Ga |
| Loveland Products, Inc. Activator 90 (34704-50034) (10.00% - Constituents Ineffective As Spray A) | Warning | Agricultural Area | Na | 2 Pt / 100ga | | 39.08 Ga |

Pre-Harvest Interval : 14 Days                                         Re-Entry Interval : 12 Hours

| Restrictions: Avoid Drift -- See Label Regarding Feeding/Grazing |
|---|
| Species Toxic To: Shrimp; Aquatic Organisms; Aquatic Mollusks; Aquatic Invertebrates; Wildlife; Pollinating Insects; Bees; Fish |
| Criteria Used For Determining Recommendation: Field Observation |
| Advisor Comments: |

THE MATERIAL AND CONTENT CONTAINED IN THE AGRIAN DATABASE AND ON THIS DOCUMENT ARE FOR INFORMATION ONLY AND NOT INTENDED TO BE A SUBSTITUTE FOR THE ACTUAL EPA AND/OR STATE APPROVED PRODUCT LABEL. USERS OF THIS DATABASE MUST READ AND FOLLOW THE APPROVED PRODUCT LABEL AFFIXED TO THE PRODUCT CONTAINER AND/OR APPLICABLE SUPPLEMENTAL LABELING BEFORE USE OF THE PRODUCT. RECIPIENT OF THIS DOCUMENT MUST HAVE THE PROPER KNOWLEDGE AND/OR LICENSING TO USE THIS DOCUMENT. USE SHALL BE DEEMED ACCEPTANCE OF, AND USE IS ONLY AUTHORIZED BY AGRIAN TO USERS WHO AGREE TO BE BOUND BY THE TERMS OF USE PUBLISHED AT AGRIAN.COM.

I certify that the product recommendations in this document are consistent with my review of the product notices beginning on the following page and the product(s) label.

Signature : _____          Date : __2020-07-14__

**Joe McGee PCA Lic. #72701**                                    Rec No. 6125602

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Timothy L. Thompson, #133537<br>Whitney Thompson & Jeffcoach, LLP, 970 W. Alluvial Ave., Fresno, CA 93711 | F I L E D<br>TULARE COUNTY SUPERIOR COURT<br>VISALIA DIVISION<br><br>SEP 23 2021<br><br>STEPHANIE CAMERON, CLERK<br>BY:_____<br>Leticia Hernandez-Sandoval |

TELEPHONE NO.: (559) 753-2550   FAX NO. *(Optional):*
E-MAIL ADDRESS: tthompson@wtjlaw.com
ATTORNEY FOR *(Name):* M.C. WATTE RANCHES

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF TULARE | |
|---|---|
| STREET ADDRESS: 221 S. Mooney Blvd.,<br>MAILING ADDRESS: 221 S. Mooney Blvd.,<br>CITY AND ZIP CODE: Visalia, CA 93291<br>BRANCH NAME: | |

| CASE NAME:<br>M.C. WATTE RANCHES v. NUTRIEN AG SOLUTIONS | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: **288780** |
|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[x] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* One (1)
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 21, 2021

Timothy L. Thompson                                      ▶  _T-Th_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

BY FAX

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary cause of action.** To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Page 2 of 2



# Superior Court of the State of California

**COUNTY OF TULARE**
CIVIL LEGAL PROCESSING
221 S. Mooney Blvd., Room 201
Visalia, California 93291
Telephone: (559) 730-5000

## ALTERNATIVE DISPUTE RESOLUTION PACKAGE

This is Tulare County Superior Court's Alternative Dispute Resolution (ADR) Package. The package contains:

1.  The court's current ADR Referral List;

2.  Tulare County Superior Court's Local Rule 600 on Case Management Conferences;

3.  Information about ADR.

At the time a civil complaint is filed, the clerk will issue a hearing date and time for the Case Management Conference (CMC). This information is placed on the front page of the complaint. Plaintiff must serve notice of the CMC hearing and this ADR Package on each defendant with the summons and complaint.

**All parties appearing in the action are ordered to meet and confer prior to the CMC date regarding an agreed upon mediator and mediation date and time under Local Rule 600(a)(5).**

Each party must file and serve a CMC statement on Judicial Council form CM-110 no later than 15 calendar days before the CMC hearing under California Rules of Court, rule 3.725 and Local Rule 600(a)(6).

Counsel and unrepresented parties are required to be present, either in person or by CourtCall (See Local Rule 108 regarding CourtCall), at the CMC hearing and have authority to enter into a mediation agreement if the parties have agreed to mediate. Each party appearing shall also have sufficient information and understanding of the case in order to evaluate it accurately.

**Please be advised that monetary and/or terminating sanctions shall be imposed against parties and counsel who fail to comply with state and local rules regarding case management conferences without good cause.**

| ADR REFERRAL LIST January 2018 | | |
|---|---|---|
| **NAME** | **HOURLY RATE** | **PROFILE INFORMATION** |
| Honorable Howard R. Broadman (Ret.) 300 N. Willis Visalia, CA.  93291 Phone:  (559) 738-1800 Fax:  (559) 738-1102 Email: judgebroadman@judgebroadman.com | $475.00 per hour | Click Here<br><br>Resume on file |
| Kenneth M. Byrum 5080 California Ave #200 Bakersfield, CA 93309 Phone:  (661) 861-6191 Fax:  (661) 861-6190 Email:  ken@kmbmediation.com | $300.00 per hour | Click Here<br><br>Resume on file |
| Russell D. Cook 1233 West Shaw, Suite 100 Fresno, CA 93711 Phone:  (559) 225-2510 Fax:  (559) 229-3941 Email:  rdcook@rdcooklaw.com | $285.00 per hour | Click Here<br><br>Resume on file |
| Valerie V. Flugge 45406 South Fork Drive Three Rivers, CA  93271 Phone:  (559)802-4234 Email:  Valerie@sequoiamediation.com | $250.00 per hours | Click Here<br><br>Resume on file |
| Donald H. Glasrud Dietrich, Glasrud, Mallek & Aune 5250 North Palm Ave, Suite 402 Fresno, CA 93704 Phone:  (559) 435-5250 Fax:  (559) 435-8776 Email:  dhg@dgmalaw.com | $375.00 per hour | Click Here<br><br>Resume on file |
| M. Troy Hazelton 3585 W. Beechwood Ave, Suite 101 Fresno, CA 93711 Phone: (559) 431-1300 Fax: (559) 431-1442 Email: Thazelton@pgllp.com | $195.00 per hour | Click Here<br><br>Resume on file |
| Lee M. Jacobson 1690 W. Shaw Avenue, Suite 201 Fresno, CA  93711 | $290.00 per hour | Click Here<br><br>Resume on file |

| | | |
|---|---|---|
| Phone: (559) 448-0400<br>Fax:  (559) 448-0123<br>Email: lmj@jhnmlaw.com | | |
| Daniel O. Jamison<br>8080 North Palm Avenue<br>Fresno, CA 93711<br>Phone: (559)432-4500<br>Fax: (559)432-4590<br>Email: djamison@daklaw.com | $320 per hour<br>including travel time | Click Here<br><br>Resume on file |
| Honorable Patrick J. O'Hara (Ret.)<br>300 N. Willis<br>Visalia, CA.  93291<br>Phone:  (559) 429-4570<br>Fax:  (559) 429-4575<br>Email:  judgeohara@judgeohara.com<br>Website: www.judgeohara.com | $475.00 per hour | Click Here<br><br>Resume on file |
| Richard B. Isham<br>3814 W. Robinwood<br>P.O. Box 8139<br>Visalia, CA.  93290<br>Phone:  (559) 733-2257<br>Cell:  (559)738-3963<br>Email:  rbisham@att.net | $300.00 per hour | Click Here<br><br>Resume on file |
| Leah Catherine Launey<br>42490 Kaweah River Drive<br>Three Rivers, CA  93271<br>Phone:  (559) 561-4270<br>Fax:  (559) 561-4273<br>Email:  lclauney@lanneymediation.com | $175.00 per hour<br>2 hour minimum | Click Here<br><br>Resume on file |
| Kevin G.Little<br>1099 E. Champlain Drive, Suite A-124<br>Fresno, CA 93720<br>Phone:  (559)708-4750<br>Fax:  (559)420-0830<br>Email: kevinglittle@yahoo.com | $200.00 per hour<br>2 hour minimum | Click Here<br><br>Resume on file |
| Linda Luke<br>632 W. Oak Avenue<br>Visalia, CA. 93291<br>Phone:  (559) 733-9505<br>Fax:  (559) 733-3910<br>Email:  linda.luke@icloud.com | $275.00 per hour | Click Here<br><br>Resume on file |
| John T. Nagel | $245.00 per hour | Click Here |

| | | |
|---|---|---|
| 1233 W. Shaw Avenue, #100<br>Fresno, CA  93711<br>Phone:  (559)225-2510<br>Fax:  (559) 225-2389<br>Email:  johntnagel@comcast.net | | Resume on file |
| Douglas E. Noll<br>P.O. Box 2336<br>Clovis, CA.  93613<br>Phone:  800-785-4487<br>Fax:  877-765-1353<br>Email:  doug@nollassociates.com | $400 per hour<br>4 hour minimum | Click Here<br><br>Resume on file |
| Honorable Robert. H. Oliver (Ret.)<br>5260 N. Palm Ave, Fourth Floor<br>Fresno, CA 93704<br>Fax:  (559) 432-5620<br>Email: roliver@bakermanock.com | $400.00 per hour (2<br>Hour Minimum) | Click Here<br><br>Resume on file |
| James M. Phillips<br>8080 N. Palm Ave, Suite 101<br>Fresno, CA 93711<br>Phone:  (559) 261-9340<br>Fax:  (888) 974-4321<br>Email:  phillipsgp@aol.com | $340.00 per hour | Click Here<br><br>Resume on file |
| Michael Renberg<br>1540 E. Shaw Ave, Suite 123<br>Fresno, CA  93710<br>Phone: (559) 431-6300<br>Fax:  (559) 432-1018<br>Email:  mrenberg@prcelaw.com | $240.00 per hour | Click Here<br><br>Resume on file |
| Laurie Quigley Saldana<br>791 Price Street. #323<br>Pismo Beach, CA.  93449<br>Phone:  (559) 730-1812<br>Email:  laurie@mediationcentral.net | $350.00 per hour | Click Here<br><br>Resume on file |
| Tom Simonian<br>1100 W. Center Ave<br>Visalia, CA.  93291<br>Phone:  (559) 732-7111<br>Fax:  (559)732-1540 | $290.00 per hour | Click Here<br><br>Resume on file |
| Andrew R. Weiss<br>7109 North Fresno Street, Suite 250<br>Fresno, CA 93720 | $300.00 per hour | Click Here<br>Resume on file |

| Phone: (559) 438-2080 Cell: (559) 259-4663 Email: aweiss@weissmartin.com | | |
|---|---|---|

# CHAPTER 6 – MANAGING CIVIL CASES

Rule 600 – Case Management Conference

(a)   The Judicial Council has implemented state rules for the management of civil cases (Cal. Rules of Court, Chapter 2 Trial Court Management of Civil Cases, rules 10.900, et. Seq.).

In recognition of the state rules requiring the court to implement a case management Plan, the court elects to follow California Rules of Court, rule 3.714.

(1)   At the time the complaint is filed, the clerk will issue a hearing date for the Case Management Conference (CMC) to plaintiff that is no less than 120 days after the filing of the complaint. The clerk will also provide the Plaintiff with the court's Alternative Dispute Resolution (ADR) package including the list of the names of the mediators who have applied and met the court's mediation/arbitration qualifications pursuant to the program adopted by the court under California Rules of Court, rule 10.781. Plaintiff must serve a Notice of CMC and the ADR package on each defendant along with the summons and complaint.

(2)   Any party who files and serves a cross-complaint prior to the CMC must serve on each cross-defendant who is a new party to the action, a copy of the Notice of CMC and the ADR package along with the summons and cross-complaint. If a new cross-defendant is served after the initial CMC, the cross-complainant must serve the new cross-defendant with notice of any pending CMC, any assigned mediation date, trial, or settlement conference dates, and any other dates set by the court or orders made at the CMC.

(3)   If the plaintiff adds a new defendant or identifies a fictitiously named defendant after the initial CMC, along with the summons and complaint, plaintiff must serve the newly named defendant with notice of any pending CMC, any pending mediation date, any assigned trial and settlement conference dates, and any other dates set by the court or orders made at the CMC.

(4)   Proof of service of Notice of the CMC must be filed with the court within 60 days from the date the complaint is filed and may be included in the proof of service of the summons and complaint or cross-complaint.

(5)   This court has found that mediation is highly desirable and orders the parties to meet and confer prior to the CMC date regarding an agreed upon mediator and mediation date and time. A list of mediators and their fees are provided by the court in its ADR package. The mediator must be agreed upon before the CMC and the mediation date and time cleared with the mediator so the court may enter the date in the court's minute order.

(6) Under California Rules of Court, rule 3.725, no later than 15 calendar days before the date set for the CMC, each party must file a CMC statement and serve it on all other parties in the case. Parties must use the mandatory CMC Statement (Judicial Council form CM-110). All applicable items on the form must be completed.

(7) In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

(b) Presence Required – Counsel and unrepresented parties are required to be present, either in person or by telephonic appearance pursuant to The Superior Court of Tulare County, Local Rules, rule 108, and must have: (1) sufficient information and understanding of the case to evaluate it accurately, and (2) sufficient authority to enter into binding agreements such as the diversion of the case to arbitration, including binding arbitration, the setting of a trial date and mandatory settlement conference date, the dismissal of doe defendants or other parties, and the setting of a further case management conference.

(c) Compliance – Failure to attend the case management conference will result in the court making whatever orders and imposing whatever sanctions as may be necessary and appropriate to obtain compliance with these rules, including but not limited to, a waiver of the right to a jury trial and a waiver of the right to object to a referral to arbitration or other alternate dispute resolution procedure.

(d) Waiver of Notice – When all parties are present at the case management conference and a trial date and settlement conference dates are agreed to by the parties or ordered by the court, such presence is an effective waiver of a separate or formal notice of settlement conference and trial date. (01/01/03) (Revised 01/01/07, 01/01/09) (07/01/11)

## **Alternative Dispute Resolution**

There are different processes available to settle lawsuits without having to go to trial. The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In ADR, a trained, impartial person decides disputes or helps the parties reach resolutions of their disputes for themselves. The persons are neutrals who are normally chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

### Advantages of ADR

- Often quicker than going to trial, a dispute may be resolved in a matter or days or weeks instead of months or years.

- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.

- Can permit more participation, allowing the parties the opportunity to tell their side of the story with more control over the outcome.

- Allows for flexibility in choice of ADR processes and resolution of the dispute.

- Fosters cooperation by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.

- Often less stressful than litigation.  Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit.  Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly.  ADR has been used to resolve disputes even after trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.  The neutral may charge a fee for his or her services.  If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.

Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run while a dispute is in an ADR process.

## The Most Common Types of ADR

### Mediation

In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute.  Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved.  The parties do.  It is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other.  Mediation normally leads to better relations between the parties and to lasting resolutions.  It is particularly effective when parties have a continuing relationship, such as neighbors or businesses.  It also is very effective where personal feelings are getting in the way of a resolution.  Mediation normally gives the parties a chance to freely express their

positions. Mediation can be successful for victims seeking restitution from offenders. When there has been violence between the parties, a mediator can meet separately with the parties.

**Arbitration**

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their won resolution. Arbitration normally is more informal, quicker, and less expensive than a lawsuit. In a matter of hours, an arbitrator often can hear a case that otherwise may take a week in court to try. This is because the evidence can be submitted by documents rather than by testimony.

**There are Two Types of Arbitration in California**

1. **Private arbitration** by agreement of the parties involved in the dispute. This type takes place outside of the court and normally is binding. In most cases, "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

2. **Judicial arbitration** ordered by the court. The arbitrator's decision is not binding unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not receive a more favorable result at trial, the party may have to pay a penalty.