Whitney, Thompson & Jeffcoach LLP
Timothy L. Thompson, #133537
 tthompson@wtjlaw.com
Nikole E. Cunningham, #277976
 ncunningham@wtjlaw.com
Jacob S. Sarabian, #322108
 jsarabian@wtjlaw.com
970 W. Alluvial Ave.
Fresno, California 93711
Telephone:   (559) 753-2550
Facsimile:   (559) 753-2560

Attorneys for M.C. WATTE RANCHES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| M.C. WATTE RANCHES, a California Partnership,<br><br>        Plaintiff,<br><br>    v.<br><br>NUTRIEN AG SOLUTIONS, a Delaware corporation; BRIAN WATTE, an individual dba BRIAN WATTE FARMS, and DOES 1 through 25, inclusive,<br><br>        Defendant. | Case No. 1:21-cv-01632-DAD-SAB<br><br>**FIRST AMENDED COMPLAINT FOR NEGLIGENCE**<br><br>The Hon. Dale A. Drozd<br><br>Trial Date:     None Set |

Plaintiff  M.C. WATTE RANCHES, allege as follows:

## BACKGROUND ALLEGATIONS

1.     This complaint arises out of defendant Nutrien Ag Solution's ("Nutrien") negligent prescription for the application of an insecticide on plaintiff M.C. Watte Ranches' ("Watte") pistachio orchards then defendant Brian Watte dba Brian Watte Farms ("BWF") negligent application thereto.  Watte is the owner of approximately 625 acres of pistachio orchards in and around the County of Tulare.  Instrumental in the propagation and successful harvest of a pistachio crop is proper pesticide control and management.  To that end, Watte, through its farm management

395.0 05681709.000

FIRST AMENDED COMPLAINT FOR NEGLIGENCE

company, BWF, retained Nutrien Ag Solutions ("Nutrien").  Nutrien dispatched licensed Pesticide Control Advisor ("PCA") Joe McGee ("McGee"), License No. 72701, to advise then prescribe agriculture chemicals for application on Watte's orchards.  McGee had been the Nutrien assigned PCA for Watte's fields for numerous years and was familiar with the method of applications used by BWF to apply pesticides and insecticides on Watte's pistachio orchards.  Specifically, McGee knew that BWF always applied insecticides using a foliar application method.

2. A PCA is statutorily defined as any person who offers recommendation on any agriculture use or holds themselves as an authority on agriculture use.  See, Food and Agriculture Code §§ 11410, 11411.  A PCA can choose to be certified in a single area of pesticide application or obtain licensure in multiple categories.  Possible categories for certification are: (a) Control of insects, mites, and other invertebrates; (b) Control of plant pathogens; (c) Control of nematodes; (d) Control of vertebrate pests; (e) Control of weeds; (f) Defoliation; (g) Plant growth regulation.  Food and Agriculture Code §12022.  McGee is a licensed PCA pursuant to the Food and Agriculture code and certified in every possible category, i.e. subdivisions (a) through (g) referenced above.  Nutrien employees McGee to provide PCA services to its customers, such as Watte.

3. On information and belief, in or around July 2020 Nutrien, through McGee, advised that for the treatment of aphids – an invertebrate insect which can cause substantial damage to pistachio crops – BWF, through a foliar application, apply 16 fl. oz. per acre of Wrangler insecticide, the active ingredient of which is Imidacloprid.  McGee then issued a written report, which may have differed from his initial recommendation, with the written report advising BWF to apply 16 fl. oz. per acre of Wrangler via "ground" application.  The PCA's written report dated July 14, 2020 is attached hereto as **Exhibit A**.

4. BWF complied with McGee's instructions and proceeded to apply the 16 fl. oz. per acre of Wrangler using its known foliar application method.  In late August through October 2020 Watte, through BWF, harvested the crop and delivered it to Horizon Growers Cooperative ("Horizon"), a pistachio processing and packing company.  Months after receipt, Horizon conducted tests on Watte's crop and determined it contained exceedingly elevated residue levels of Imidacloprid, the active ingredient in Wrangler.  The United States Food and Drug Administration

and the European Union's counterpart set maximum residue levels for Imidacloprid at -/<0.05 parts per million ("ppm"). These strict legal limits are known, or should be known, to all PCAs advising on pistachio orchards. Watte's pistachios far exceeded this amount.

5. Horizon therefore refused to package and sell the vast majority of Watte's product depriving it of substantial revenues associated with the harvest of approximately 625 acres of pistachio crop. Watte subsequently learned that McGee's recommendation for 16 fl. oz. per acre of Wrangler via foliar application is well beyond the labeling limits, which calls for no more than 3 oz. per acre, per application. On information and belief, BWF's application of the chemical may have deviated from McGee's written recommendation, with BWF using a foliar application while the written report recommended "ground." This may have been the cause of the pistachios' elevated levels of Imidacloprid.

6. In any event, Watte has discovered that even if Wrangler is applied within the labeling limits there is a significant risk that applying the chemical to pistachios can cause the crop to exceed the maximum legal amount of residual Imidacloprid. Nutrien nonetheless recommended an extremely high amount of Wrangler on Watte's fields and BWF thereafter applied it, causing an elevated level of Imidacloprid. This rendered Watte's pistachios unmarketable. When asked about this recommendation, McGee admitted the mistake he made and said Watte would need to retain an attorney to obtain the compensation it is entitled to.

**PARTIES, JURISDICTION, AND VENUE**

7. Plaintiff M.C. Watte Ranches is a California Partnership with its principal place of business in the County of Tulare, State of California.

8. Defendant Nutrien Ag Solutions is a Delaware Corporation with its principal place of business in, on information and belief, Loveland, Colorado. Nutrien conducts substantial business in the State of California, including, on information and belief, by maintaining multiple offices in the state, employing numerous individuals, and entering into contracts and transactions set to be performed in the state.

9. Defendant Brian Watte doing business as Brian Watte Farms is an individual and resident of the County of Tulare, state of California.

10. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants DOES 1 through 25, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names pursuant to Code of Civil Procedure § 474 and prays leave of Court to amend its Complaint to set forth the true names and capacities of said Defendants when the same have been ascertained.

11. Plaintiff is informed and believes, and on such information and belief alleges, that at all times herein relevant, each of the Defendants was acting as the agent, servant, employee, partner and/or joint venturer of each of the remaining Defendants, and was acting in concert with each of said remaining Defendants in doing the things herein alleged, while at all times acting within the course and scope of such agency, employment, partnership and/or concert of action.

12. Jurisdiction is properly held by the Superior Court of California, County of Tulare, because the amount in controversy exceeds the jurisdictional minimum of that court. There is no federal jurisdiction because plaintiff and defendants are not completely diverse and the complaint does not present a federal question. (28 U.S.C. §§ 1331, 1332.)

13. Venue is proper in the County of Tulare because the acts which give rise to this complaint occurred there.

## FIRST CAUSE OF ACTION

**(Negligence Against All Defendants and DOES 1 through 25, inclusive)**

14. Plaintiff re-alleges and by this reference incorporates herein each and every allegation contained in Paragraphs 1 through 13 above.

15. Nutrien owed Watte a duty of care and to act as a reasonable person would. This includes, prescribing and instructing on insecticide applications within the labeling limits, using the known foliar application method, and not providing recommendations that could cause an elevated level of Imidacloprid. Nutrien breached this duty by, *inter alia*, recommending Watte, through BWF, apply 16 fl. oz. per acre of Wrangler on its ranch via the foliar method, which is beyond the labeling limit, and independently excessive given that applying any amount of Wrangler is likely to cause an elevated level of Imidacloprid on pistachios. Nutrien failed to appreciate the risks associated with applying Wrangler on pistachio orchards and proceeded to recommend an amount

1  that caused a high level of Imidacloprid.

2  16. BWF also owed Watte a duty of care to act as a reasonable person would. This
3  includes applying chemicals within the labeling limits and avoiding the application of chemicals
4  that could cause an elevated level of Imidacloprid. On information and belief, BWF breached this
5  duty by, *inter alia*, applying 16 fl. oz. of Wrangler, per acre via foliar application despite said amount
6  being in excess of the labeling limit, perhaps deviating from McGee's written recommendation that
7  called for a "ground" application, and applying Wrangler in the first instance, despite the known
8  risk of the chemical's application to pistachios.

9  17. As a direct and proximate cause of Nutrien's recommendation BWF applied 16 fl.
10  oz. per acre of Wrangler to Watte's pistachio orchards using the known foliar application method,
11  as instructed by Nutrien. Nutrien's recommendation and BWF's subsequent application of this
12  quantity of Wrangler caused Watte's pistachios to contain residue Imidacloprid levels far in excess
13  of .05 ppm, thereby rendering Watte's entire pistachio crop unmarketable. This caused damage to
14  Watte in an amount in excess of $4,500,000.

15  18. Nutrien's improper recommendation and BWF's application thereto may also cause
16  elevated Imidacloprid for the crop year 2021 and beyond. The nature and extent of Watte's future
17  damages are currently unknown, but Nutrien and BWF are liable to Watte for the residual and
18  ongoing damage caused by their negligence.

19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

## **PRAYER**

WHEREFORE, Watte prays for Judgment against Nutrien and BWF as follows:

1. For general damages in amount in excess of $4,500,000, subject to proof at trial;
2. For pre-judgment interest at the maximum allowable legal rate;
3. For costs of suit and attorney's fees as allowed by law;
4. For such other and further relief as the Court may deem just and proper.

Dated: April 25, 2022                    WHITNEY, THOMPSON & JEFFCOACH LLP

By: */s/ Timothy L. Thompson*
Timothy L. Thompson
Nikole E. Cunningham
Jacob Sarabian
Attorneys for M.C. WATTE RANCHES

395.0 05681709.000

6

FIRST AMENDED COMPLAINT FOR NEGLIGENCE